UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARL PAUL VOSSBRINK, : | |
|     Plaintiff, : | |
| v. : | 3:11-cv-1312 (WWE) |
| : | |
| ACCREDITED HOME LENDERS, INC., : | |
|     Defendant. : | |

**RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND OR PRELIMINARY INJUNCTION**

Plaintiff seeks a temporary restraining order or preliminary injunction preventing defendant from exercising an order of ejectment obtained in state superior court against plaintiff.  For the following reasons, the Court will deny the motion for a temporary restraining order or preliminary injunction.

**Discussion**

A party seeking a temporary restraining order or preliminary injunction must show (a) irreparable harm; and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.  See Citigroup Global Markets, Inc. v. VCG Special Opportunities Master, 598 F.3d 30, 35 (2d Cir. 2010).

Plaintiff asserts that his motion for injunctive relief should be granted because the underlying foreclosure action was without merit and based solely on pretext. Plaintiff maintains that the bank obtained foreclosure and ejectment against the plaintiff "by falsifying documents, fraudulently filing 'assignments' after the foreclosure case was commenced, and violating rules on the proper recording of real estate documents."

1

Plaintiff's allegations fall within the Rooker-Feldman doctrine, a jurisdictional bar to plaintiff challenging state court judgments in federal court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context.  For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007).

Here, plaintiff's motion for issuance of a temporary restraining order or preliminary injunction challenges a judgment of foreclosure issued by the state superior court.  Thus, the Rooker-Feldman factors apply and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief.  See Saferstein v. Lawyers' Fund for Client Protection, 223 Fed. Appx. 39 (2d Cir. 2007); Gunn v. Ambac Assur. Corp., 2012 WL 2401649, *12 (S.D.N.Y. 2012) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine.").  Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction.  Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009).

## CONCLUSION

For the foregoing reasons, the plaintiff's amended motion for a temporary restraining order and/or preliminary injunction is DENIED.

Dated at Bridgeport, Connecticut, this 19th day of July, 2012.

                                                                    _____/s/_____
                                                                    Warren W. Eginton
                                                                    Senior United States District Judge